UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **TERRY GLEN HILL** | **CIVIL ACTION NO. 12-725-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

### STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Terry Glen Hill ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this court on March 21, 2012. Petitioner is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. He challenges his state court conviction and sentence. He names Warden Burl Cain as respondent.

On June 26, 2006, Petitioner was convicted of one count of second degree murder in Louisiana's First Judicial District Court, Parish of Caddo. On July 27, 2006, he was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

In support of this petition, Petitioner alleges (1) the evidence was insufficient to support his conviction, and (2) he received ineffective assistance of counsel.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. Section 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. Section 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review";

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action";

3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

4. the date "the factual predicate of the claim . . . presented could have been

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

Therefore, in order for a petition to be considered timely, it must be filed within one year from the most recent date provided by subsections (1) through (4). In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was convicted on June 26, 2006 and sentenced on July 27, 2006. The Louisiana Second Circuit Court of Appeal affirmed his conviction and sentence on May 9, 2007. State v. Hill, 956 So.2d 758, 42,025-KA, (La. App. 2 Cir. 5/9/07). The Supreme Court of Louisiana denied writs of review on December 14, 2007. State v. Hill, 970 So.2d 529, 2007-1209 (La. 12/14/07). In a case where a convicted person timely pursues his direct appeal through a writ application to the Supreme Court of Louisiana, the conviction and sentence become final for purposes of Section 2244 ninety days after the state's high court enters its judgment, which is when the time to file a petition for writ of certiorari with the Supreme Court has expired. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). Therefore, Petitioner's one-year period commenced 90 days after December 14, 2007 on March 13, 2008.

The federal petition currently before the court was received and filed in this court on March 21, 2012, and signed by Petitioner on March 19, 2012. Since the federal clock began ticking on March 13, 2008 and Petitioner had one full year in which to file his

federal petition, Petitioner would have had to file this petition on or before March 13, 2009. This petition was not filed until March 19, 2012 at the earliest, more than three years too late.

It appears that Petitioner's state petition for post-conviction relief did toll his federal one-year limitation period, but that Petitioner is still untimely.  See supra footnote 1. Petitioner's one year federal limitation period began on March 13, 2008 and continued until he filed his state post conviction relief application in the trial court on December 1, 2008,[2] encompassing approximately 263 days of the limitation period.  From that point, the limitation period was tolled until December 30, 2010, when the state trial court denied relief.[3]  Pursuant to Louisiana Court of Appeal Rule 4-3, Petitioner had thirty days after the trial court denied relief to request review of the trial court's determination.  Thus, Petitioner had until January 29, 2011 to file an application for a supervisory writ of the denial of his application for post-conviction relief with the appellate court.   However, Petitioner did not file an application for a supervisory writ of the denial of his application for post-conviction relief with the Louisiana Second Circuit Court of Appeal.  Instead, on January 21, 2011, Petitioner filed a supervisory writ of review requesting that the appellate court

---

[2]This is the date Petitioner signed his application for post-conviction relief 9Doc. 7, p. 63).  The application was actually filed in the state court on December 8, 2008.

[3]This Court notes that the Louisiana Code of Criminal Procedure provides that a judgment on direct appeal becomes final when the delay (14 days from rendition of judgment) for applying for a rehearing has expired and no application for rehearing has been made.  Art. 922.  However, the Louisiana Code of Criminal Procedure provides no such provision for applications for post-conviction relief.

order the Clerk of Court to make available to him a certified ruling and any other relief the court deemed appropriate (Doc. 7, p. 106).

The tolling provision of 28 U.S.C. § 2254(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." The Fifth Circuit has held that a petition for writ of mandamus to direct the state trial court to rule on a previously denied post-conviction matter is not an application for collateral review of the judgment of conviction so it does not toll the limitations period. Moore v. Cain, 298 F.3d 361 (5th Cir.2002). Citing Moore, an unpublished opinion has observed: "The filing of [a] motion for transcripts in the trial court did not toll the limitations period because it did not constitute 'collateral review with respect to the pertinent judgment.' " Torns v. Mississippi, 54 Fed. Appx. 592 (5th Cir.2002).

Petitioner's supervisory writ of review in the appellate court sought only a certified ruling and did not seek review of the conviction and sentence, so the undersigned believes that it had no tolling effect on the federal limitations period.  Thus, Petitioner no longer had an application pending in state court when he failed to timely file an application for a supervisory writ with the Second Circuit Court of Appeal. See Melancon v. Kaylo, 259 F.3d 401, (5th Cir. 2001).  Petitioner then had approximately 102 days, or until May 29,

2011[4] to file his federal petition for a writ of habeas corpus in this court. Petitioner did not file his petition in this court until March 21, 2012 at the earliest. Thus, the time in which the limitation period was running exceeded 365 days and Petitioner's federal habeas claim is time-barred.

For the foregoing reasons, Petitioner's habeas petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1/6/99).

## OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

---

[4]In order to give Petition the benefit of the doubt, this court tolled the limitation period for 30 days, the time in which Petitioner had to file an application for supervisory writ in the appellate court.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 12th day of March 2014.

Mark L. Hornsby
U.S. Magistrate Judge